**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6111-GW(Ex) | Date | October 11, 2017 |
|---|---|---|---|
| Title | *Neos Agora, LLC v. Seung Soo Ma* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

      On May 15, 2017, defendant Sueng Soo Ma ("Defendant"), *in pro per*, removed this unlawful detainer action to this Court from Los Angeles County Superior Court. Because subject matter jurisdiction is obviously lacking here, the Court will remand the matter to state court. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.* 336 F.3d 982, 985 (9th Cir. 2003) (providing a party with an opportunity to respond when a court dismisses a case is not necessary when dismissal is for lack of subject matter jurisdiction).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's obligation to consider its subject matter jurisdiction in every case before it, even if no party raises the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court plainly lacks subject matter jurisdiction over this action.

      This lawsuit was initially brought as a state law unlawful detainer action. Defendant's references and citations to federal law in the Notice of Removal are in aid of what would constitute, if anything, affirmative defenses or counterclaims based on federal law. But a federal question must appear on the face of a plaintiff's complaint for an action to be removable to federal court based on federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). The Complaint in this case raises no federal issues or questions. Furthermore, the Notice of Removal does not identify diversity pursuant to 28 U.S.C. § 1332 as a basis for this Court's jurisdiction. For the foregoing reasons, the action is remanded to the Superior Court of the State of California for the County of Los Angeles.

      :

Initials of Preparer   JG